1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,                          )   No. C 14-04648 EJD (PR)
                                      )
            Plaintiff,                )   ORDER OF DISMISSAL
                                      )
   v.                                 )
                                      )
                                      )
JERRY WHITE, et. al.,                 )
                                      )
            Defendants.               )
_____  )

        Plaintiff, a state prisoner at San Quentin State Prison, filed the instant pro se civil

rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint was dismissed with

leave to amend for failing to allege an actual injury.  (Docket No. 5 at 2.)  Plaintiff's

amended complaint is now before the Court for an initial review.  (Docket No. 6.)

                            **DISCUSSION**

**A.    <u>Standard of Review</u>**

        A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is

1   immune from such relief.  <u>See</u> <u>id.</u> § 1915A(b)(1),(2).  <u>Pro</u> <u>se</u> pleadings must, however, be

2   liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

3   1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5   elements: (1) that a right secured by the Constitution or laws of the United States was

6   violated, and (2) that the alleged violation was committed by a person acting under the

7   color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

8   **B.    <u>Plaintiff's Claims</u>**

9       Plaintiff claims that SQSP mailroom supervisor Alex Lile has violated his right of

10  access to the courts by repeatedly sending back Plaintiff's legal mail unprocessed.

11  (Docket No. 6 at 4.)  He alleges that it has hindered his efforts to pursue Case No.

12  CV1400857, regarding lost property, in Marin County Superior Court.  He also alleges

13  that on February 4, 2015, the mail room returned the case management status that he was

14  required to serve on the Attorney General in Case No. 1401048, also pending in Marin

15  County Superior Court.

16      Prisoners have a constitutional right of access to the courts.  <u>See</u> <u>Lewis v. Casey</u>,

17  518 U.S. 343, 350 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  To establish a

18  claim for any violation of the right of access to the courts, the prisoner must prove that

19  there was an inadequacy in the prison's legal access program that caused him an actual

20  injury.  <u>See</u> <u>Lewis</u>, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show

21  that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous

22  claim concerning his conviction or conditions of confinement.  <u>See</u> <u>id.</u> at 354-55.

23      Plaintiff's original complaint was dismissed for failure to allege an actual injury.

24  Plaintiff's amended complaint has not corrected this deficiency.

25      There are no claims against office assistant Jerry White, so he is DISMISSED

26  from this action.

27      Plaintiff's claims regarding Defendant Lile are, for the most part, conclusory.

28  Plaintiff provides no details as to how his prosecution of either Marin County Superior

Court cases was hindered by his mail being unprocessed.  It is unclear if the failure to serve his case management statement resulted in adverse action against him or otherwise hindered his efforts to pursue relief in Case No. 1401048.  If Plaintiff's court documents are being filed or served after court-ordered deadlines, that does not, without an adverse effect, constitute actual injury.  In other cases, courts have found actual injury where the prisoners have had their cases dismissed with prejudice, or the prisoners have been unable to file legal actions.  Lewis, 518 U.S. at 356.  This is not the case here.

Plaintiff's allegations are insufficient to state a claim of a denial of access to courts because he has again failed to allege an actual injury.  However the Court will allow Plaintiff another change to amend his complaint to show actual injury, if he can truthfully do so.

The complaint is DISMISSED WITH LEAVE TO AMEND for Plaintiff to attempt to show that defendant Lile's failure to process his mail hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See Lewis, 518 U.S. at 354-55.  Plaintiff should again include the case number, the court where the matter is being adjudicated, and the description of the claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Defendant Jerry White is DISMISSED from this action.

2.      The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint.  The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 14-04648 EJD (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

1    The Clerk shall include two copies of the court's complaint with a copy of this

2    order to Plaintiff.

3

4    DATED: _____4/14/2015_____

5                                              EDWARD J. DAVILA
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

JERRY SMITH,

7

        Plaintiff,

Case No.  5:14-cv-04648-EJD

8

   v.

**CERTIFICATE OF SERVICE**

9

JERRY WHITE, et al.,

10

        Defendants.

11
12

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13

District Court, Northern District of California.

14

     That on 4/14/2015, I SERVED a true and correct copy(ies) of the attached, by placing said

15

copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing

16

said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
located in the Clerk's office.

17

     Jerry  Smith ID: H44485

18

     San Quentin State Prison
     San Quentin, CA 94974

19
20

Dated: 4/14/2015

21
22

Richard W. Wieking

23

Clerk, United States District Court

24
25

By: *Elizabeth C Garcia*

26

Elizabeth Garcia, Deputy Clerk to the

Honorable EDWARD J. DAVILA

27
28

*United States District Court*
*Northern District of California*