IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH,<br><br>       Plaintiff,<br><br>  v.<br><br>ALEX LILE,<br><br>       Defendant. | No. C 14-04648 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

        Plaintiff, a state prisoner at San Quentin State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend for failing to allege an actual injury. (Docket No. 5 at 2.) Plaintiff's amended complaint is now before the Court for an initial review. (Docket No. 6.)

## DISCUSSION

### A. Standard of Review

        A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who

Order of Service
P:\PRO-SE\EJD\CR.14\004648Smith_svc.wpd

is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that Defendant Alex Lile, the SQSP mailroom supervisor, has violated his right of access to the courts by repeatedly sending back Plaintiff's legal mail unprocessed.  (Docket No. 6 at 4.)  He alleges his lawsuit in Marin County Superior Court, Case No. CV1400857, regarding lost property, was dismissed due to Lile's refusal to process his court filings in that case.

Liberally construed, Plaintiff's claim is cognizable under § 1983 as a denial of his constitutional right to access of the courts.  See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint (Docket No. 8), all attachments thereto, and a copy of this order upon **Defendant Alex Lile** at **San Quentin State Prison,** (San Quentin, CA 94964)**.**  The Clerk shall also mail a copy of this Order to Plaintiff.

2.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good

Order of Service
P:\PRO-SE\EJD\CR.14\004648Smith_svc.wpd                  2

1  cause shown for their failure to sign and return the waiver form.  If service is waived,
2  this action will proceed as if Defendant had been served on the date that the waiver is
3  filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve
4  and file an answer before **sixty (60) days** from the day on which the request for waiver
5  was sent.  (This allows a longer time to respond than would be required if formal
6  service of summons is necessary.)  Defendant is asked to read the statement set forth at
7  the foot of the waiver form that more completely describes the duties of the parties with
8  regard to waiver of service of the summons.  If service is waived after the date provided
9  in the Notice but before Defendant has been personally served, the Answer shall be due
10 **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20)**
11 **days** from the date the waiver form is filed, whichever is later.

12     3.    No later than **ninety (90) days** from the date of this order, Defendant shall
13 file a motion for summary judgment or other dispositive motion with respect to the
14 claims in the complaint found to be cognizable above.

15         a.    Any motion for summary judgment shall be supported by adequate
16 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules
17 of Civil Procedure.  Defendant is advised that summary judgment cannot be granted,
18 nor qualified immunity found, if material facts are in dispute.  If Defendant is of the
19 opinion that this case cannot be resolved by summary judgment, he shall so inform the
20 Court prior to the date the summary judgment motion is due.

21         b.    **In the event Defendant files a motion for summary judgment,**
22 **the Ninth Circuit has held that Plaintiff must be concurrently provided the**
23 **appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998)**
24 **(en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

25     4.    Plaintiff's opposition to the dispositive motion shall be filed with the
26 Court and served on Defendant no later than **twenty-eight (28) days** from the date
27 Defendant's motion is filed.

28         Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.     All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:  5/28/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX LILE,<br><br>    Defendant. | Case No. 5:14-cv-04648-EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/28/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Jerry Smith ID: H44485
    San Quentin State Prison
    San Quentin, CA 94974

Dated: 5/28/2015

    Richard W. Wieking
    Clerk, United States District Court

By: *Elizabeth C. Garcia*
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA